GONZÁLEZ, APPELLANT, v. REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Judicial Deed of Sale.

No. 264.—Decided May 5, 1916.

REGISTRARS OF PROPERTY—ORDERS OF COURTS—JURISDICTION.—Registrars of property have authority to pass upon orders of courts presented to them to be recorded in the registry, but such authority does not allow them to pass upon the intrinsic justice or injustice of the same. It is limited to an examination of the nature of the order, the action and the proceeding, and as to whether the court had jurisdiction.

ID.—APPEAL—SUGGESTED QUESTION.—In an administrative appeal the supreme court will not consider any question suggested by the record but not passed upon by the registrar.

The facts are stated in the opinion.

*Mr. José López del Valle* for the appellant.

The registrar did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In a suit brought in the District Court of Humacao by A. López & Co. versus the Succession of Tulio Carrión, composed of María García and her children José, Herminio, Laura, Ana María, Providencia, Antonio, Tulio, Dolores and Adela Carrión y García, a parcel of land of record in the name of María García was attached and the attachment was recorded in the registry of property. Thereafter another attachment made by N. Lomba & Co. was also recorded. Later two attorneys, one professing to represent these two firms, and the other on behalf of various other creditors who had also filed suits, accepted, in the name of their respective clients, a mortgage upon the same property executed by the record owner thereof. The instrument recited the pendency of the various suits and the respective amounts involved, made reference to a compromise said to have been reached and purported to grant to the defendant in such litigation, referred to as the indebted mercantile firm, Carrión Succession, represented by its managing partner José Carrión, "a period of one year within which to pay the amounts due and

claimed," and further to make the said debtor a reduction of fifty per cent of the debt, "the remaining fifty per cent to be paid upon the date specified and the sums owing to bear interest at one per cent per month, payable monthly." The mortgage was given "to secure the obligations contracted by the defendant firm," and was recorded only as to the rights of a number of the joint mortgagees enumerated in the entry, among whom the firm of López & Co. was not included. In so far as the record from which this data is taken discloses, no reference whatever was made either to the attachments already recorded or to any agreement for cancellation of any entries upon the record or to any express waiver of rights thereunder. On the contrary, both attachments are not only not canceled upon the record, but are expressly mentioned as existing liens upon the property both in the entry as to the mortgage and in all subsequent entries, including those referred to in the two rulings appealed from. The registrar on recording the mortgage also points out that the respective residences of the various mercantile firms, the mortgagees, do not appear.

The property was purchased *pendente lite* by Arturo Aponte, Jr., and recorded in his name.

Some months after its execution and before the maturity of the mortgage above mentioned, judgment was obtained by plaintiffs A. López & Co. and the property was sold under execution to appellant Manuel R. González. Aponte was notified of the sale and his name appears among the bidders who attended.

Thereafter the judge of the district court issued an order reciting the purchase by Aponte, the record in his name and the notice given him of the sale, and directing the registrar of property to cancel the entry made in favor of the said Aponte, "as well as any other record or entry made or entered subsequently to the record of attachment by plaintiffs A. López & Co.

Record of the marshal's deed and compliance with the

terms of the order last above mentioned were refused by a substitute registrar for reasons stated in two endorsements, the first made upon a certified copy of the said order and the second upon the marshal's deed, as follows:

"Record of cancellation to which the foregoing instrument refers is denied after considering a copy of the judgment rendered in the action brought by A. López & Co. against the Succession of Tulio Carrión, and after examining further an additional petition subscribed by J. López del Valle as attorney of Manuel Rodríguez González and another certificate of December 22nd, ultimo, signed by the secretary of the district court to the effect that the order of said court wherein the said cancellation is decreed is a final order, for the defect that it appears from the registry that the action brought by complainants A. López & Co. by virtue of which the property was sold at auction was *compromised* and their debts satisfied by reason of the mortgage executed upon the same property in favor of complainants for 50 per cent of their credit of $1,049.65, as it appears from the third registration of property No. 1096 on folio 158 of volume 25 of Humacao; and in lieu thereof a cautionary notice, etc.

"Record of this instrument is denied because according to the 3rd registration of property No. 1096, which is the same involved in this deed, the debt of A. López & Co. which served as a basis for the action wherein the property was sold at auction was *canceled* by deed No. 95 executed on December 7, 1914, before Notary Juan B. Huyke whereby a mortgage was executed in favor of said A. López & Co. in payment of its credit; and further because the property appears now recorded in favor of Arturo Aponte, Jr., and not in favor of the defendants; and in lieu thereof the proper cautionary notice, etc."

In *Crehore* v. *Registrar of Property,* 22 P. R. R. 598, this court, speaking through Mr. Justice Aldrey, said:

"Although article 18 of the Mortgage Law confers upon registrars the power to pass upon all documents directed to them by judicial authorities to be recorded in the registry, that power does not go to the extent of allowing them to pass upon the intrinsic justice or injustice of judicial decisions, as we have stated repeatedly; nevertheless it authorizes them to inquire into the nature of the order, of the trial at which it was made, of the proceeding and whether the judge had jurisdiction. *Fernández* v. *The Registrar of Property,* 17 P. R. R. 1021."

See also *Ortiz* v. *Registrar,* 22 P. R. R. 316; *Pietri* v. *Registrar,* id. 678; *Dumas* v. *Registrar,* id. 272; and *Machuca* v. *Registrar,* id. 701.

There can be no doubt as to the power and authority of the court in so far as the parties before it and the record in the name of Arturo Aponte, Jr., are concerned. There may or may not be reasons not stated in the endorsements which would justify the refusal to obey the order of the court, but we purposely abstain from the discussion of any question suggested by the record but not passed upon in the first instance by the registrar. 2 Galindo, 626.

The rulings appealed from cannot be sustained upon the grounds assigned by the substitute registrar and must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.